# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| JASMIN SEKSCINSKI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:18-05013-CV-RK |
|  | ) |  |
| WESTON WELCH, | ) |  |
| Defendant. | ) |  |

## ORDER AND JUDGMENT APPROVING WRONGFUL DEATH SETTLEMENT

Before the Court is the parties' Joint Motion for Disbursement of Funds and Application for Approval of Wrongful Death Settlement ("the Motion"). (Doc. 46.) The Court held a wrongful death settlement hearing on April 17, 2019. (Doc. 47.) After careful consideration, the Motion is **GRANTED**. The settlement proceeds shall be distributed in accordance with this Order.

### Background

The suit stems from Thomas Sekscinski ("Decedent")'s death. Plaintiff Jasmin Sekscinski ("Plaintiff") is an adult and one of Decedent's five children. Plaintiff filed suit under Missouri's wrongful death statute, RSMo. § 537.080 alleging wrongful death, assault and battery for purported violations of 42 U.S.C. § 1983, and attorney's fees under 42 U.S.C. § 1988. Plaintiff has agreed to a settlement of all claims against Defendant Weston Welch ("Defendant"). The parties seek Court approval for a settlement sum of $150,000. The settlement amount is to be allocated as follows: (1) $60,000 for attorney's fees; (2) $13,229.91 for case expenses; and (3) $76,770.09 apportioned equally to the Decedent's five children.

### Discussion

**A. Standard**

RSMo. § 537.095 requires court approval for any settlement of a wrongful death claim brought under RSMo. § 537.080. RSMo. § 537.095 requires "upon the approval of any settlement for which a petition, or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them to the losses suffered by each as determined by the court." In entering judgment, "[t]he court shall order the claimant: (1) To collect and receipt for the payment of the judgment; (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorney's fees as contracted

. . . (3) To acknowledge satisfaction in whole or in part for the judgment and costs; (4) To distribute the net proceeds as ordered by the court; and (5) To report and account therefor to the court." RSMo. § 537.095.4. "Therefore, before granting judgment, the Court must resolve four questions: whether (1) the Plaintiff attempted to notify all parties having a cause of action arising from decedent []'s death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement." *Lewis v. Blue Springs School District*, 2018 WL 1126751, at *2 (W.D. Mo. Mar. 1, 2018).

### B. Notice

If there are multiple parties with standing to sue under RSMo. § 537.080, before a settlement may be approved by the Court, the plaintiff must "satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." RSMo. § 537.095.1. "A party has a cause of action if he is 'the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive." *Lewis*, 2018 WL 1126751, at *2 (quoting RSMo. § 537.080.1).

Plaintiff asserts there are no surviving parents or spouse of Decedent, and she is one of five surviving children of Decedent. Plaintiff provided documentation establishing that notice to the other four surviving children was provide in accordance with RSMo. § 537.080. Accordingly, the Court finds Plaintiff and the other four children of Decedent are the only surviving parties with a cause of action under RSMo. § 537.080; therefore, the notice requirement is satisfied. *See Lang v. Mino Farms, Inc.*, 2016 WL 4031230, at *2 (W.D. Mo. July 26, 2016) (the court held the plaintiffs satisfied the notice requirement because the plaintiffs are the only individuals that may recover for the decedent's death "because they are his only known spouse, children, parents, or siblings").

### C. Conservatorship of Minor Parties

Decedent has two adult children and three minor children. Decedent's two adult children are Plaintiff and Kyle Mclain. Decedent's three minor children are O.S.; L.S.; and W.S. On April 22, 2019, the Circuit Court of Cole County Court appointed Monica Sekscinski as conservator for L.S., O.S., and W.S. *See* (Docs. 48, 49, 50.); *In the Estate of L.S.*, Case No.: 19AC-PR00065; *In the Estate of O.S.*, Case No.: 19AC-PR00066; *In the Estate of W.S.*, Case No.: 19AC-PR00067.

2

**D. Bond**

RSMo. § 537.080(1) and (2) describes the class of persons who can sue for damages in a wrongful death action, and the statute provides that a wrongful death action may be brought by: "(1) the spouse or children . . . of the deceased." RSMo. § 537.080 states that if there is no class of persons in RSMo. § 537.080(1) or (2) to bring the action, a plaintiff ad litem should be appointed and the "court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties." Here, Decedent's children are in class (1) of RSMo. § 537.080; therefore, no bond is required.

**E. Apportionment**

Next, the Court must determine whether the apportionment of settlement proceeds is appropriate. The trial court has discretion in how to apportion the settlement in a wrongful death action. *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. App. 1996). Plaintiff and Defendant have agreed to the following settlement distribution:

  (1) Plaintiff Jasmin Sekscinski (daughter) $15,354.02;

  (2) Kyle Mclain (son) $15,354.02;

  (3) O.S. (minor son) $15,354.02;

  (4) L.S. (minor son) $15,354.02; and

  (5) W.S. (minor son) $15,354.02.

The Court finds this distribution fair and reasonable. *See Lewis*, 2018 WL 1126751, at *2 (the parties have agreed to the settlement proceeds . . . "[t]he Court finds no reasons to disturb this arrangement").

**F. Attorney's Fees**

Next, RSMo. § 537.095.4(2) allows the court to award attorney's fees from the settlement proceeds as long as the attorney's fees are awarded as designated in the fee agreement between Plaintiff and her counsel. If a plaintiff and her counsel have a signed fee agreement, the court cannot modify this fee agreement for purposes of awarding attorney's fees in a wrongful death settlement. *Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 327 (Mo. App. 1990). Therefore, "when considering a request for attorney's fees in this situation, a court is tasked only to establish that such contract exists, and if one does, the court must order payment per its terms." *Lewis*, 2018 WL 1126751, at *2 (citing *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. App. 1994). "The parties carry the burden of providing evidence of a fee arrangement contract." *Id.*

Here, Plaintiff provided the legal services agreement executed by Plaintiff and her counsel. The contract states the contingency fee amount is forty percent of the gross settlement proceeds. Forty percent of the gross settlement proceeds is $60,000. The contract is signed and dated by Plaintiff and her counsel. The Court finds a contract for attorney's fees existed between Plaintiff and her counsel; therefore, attorney's fees are awarded to Hanrahan & Nacy, P.C. and Lake Law Firm in the amount of $60,000 according to this fee arrangement. *See Lang*, 2016 WL 4031230, at *2 (the court held the attorney's fees as a contingency fee of forty percent was proper because the "attorneys have performed substantial work preparing for and prosecuting this lawsuit").

### G. Case Expenses

RSMo. § 537.095(2) allows the court to deduct the case expenses from the settlement proceeds. Plaintiff and Defendant agree $13,229.91 is the appropriate calculation of case expenses and should be deduced from the settlement proceeds. The Court agrees with the parties and finds this amount fair and reasonable.

### H. Release

While Defendant has denied and continues to deny any and all liability in this matter, Plaintiff has agreed to compromise and settle all claims made or which could have been made by Plaintiff against Defendant which in any way arise from or in any way are related to the death of Decedent in exchange for a one-time payment (jointly and severally) of the single combined sum of $150,000. Plaintiff signed and executed such a release. The parties are directed to file this release with the Court.

### I. Judgment and Distribution

The Court must order Plaintiff to collect on the judgment, deduct case expenses, deduct attorney's fees, distribute the proceeds, and notify the Court when these steps have been completed. RSMo. § 537.095.4. This process must be strictly followed. *Parr v. Parr*, 16 S.W.2d 332, 338-39 (Mo. banc 2000). At the settlement hearing on April 17, 2019, Plaintiff's counsel received a settlement check from Defendant for the full amount of settlement, $150,000. In accordance with the entry of this Order, Plaintiffs' counsel is ordered to distribute the settlement proceeds as directed by this Court. The Court directs the following distribution from the settlement proceeds:

(1) The Decedent's five children shall receive $76,770.09;

(2) Hanrahan & Nacy, P.C. and Lake Law Firm shall receive $60,000 for attorney's fees representing forty percent of the total settlement; and

(3) Hanrahan & Nacy, P.C. and Lake Law Firm shall receive $13,229.91 for case expenses.

After the funds are distributed as directed, Plaintiff shall acknowledge full settlement of claims against Defendant in this case.

## Conclusion

Accordingly, for the foregoing reasons, Joint Motion for Disbursement of Funds and Application for Approval of Wrongful Death Settlement (Doc. 46) is **GRANTED**. The Court **ORDERS** the following:

(1) Plaintiff is directed to collect on the judgment, deduct case expenses, deduct attorney's fees, and distribute the proceeds in accordance with this Order;

(2) Plaintiff is directed to file a report with the Court once the funds are received and distribution finalized pursuant to RSMo. § 537.095.4;

(3) The parties are directed to file the signed release with the Court; and

(4) After complying with the above requirements as set out in § 537.095.4, the parties shall file a stipulation of dismissal with prejudice with the Court.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 29, 2019